UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION


| | |
|---|---|
| JERRY D. CARNEY, II ] | |
|     Petitioner, ] | |
| ] | |
| v. ] | No. 3:05-0662 |
| ] | Judge Trauger |
| DAVID MILLS, WARDEN ] | |
|     Respondent. ] | |


M E M O R A N D U M


The petitioner, proceeding *pro se*, is an inmate at the West Tennessee State Penitentiary in Henning, Tennessee. He brings this action pursuant to 28 U.S.C. § 2254 against David Mills, Warden of the facility, seeking a writ of habeas corpus.

On November 19, 1998, a jury in Davidson County found the petitioner guilty of first degree murder. Docket Entry No. 16; Addendum No. 1 at pg. 14. For this crime, he received a sentence of life imprisonment. On direct appeal, the Tennessee Court of Criminal Appeals affirmed the conviction. Docket Entry No. 16; Addendum No. 2; Doc. No. 3. The Tennessee Supreme Court later denied petitioner's application for further review.[1]

A *pro se* petition for state post-conviction relief was then filed in the Criminal Court of Davidson County. Docket Entry No. 16; Addendum No. 3; Doc. No. 1 at pgs. 3-17. Counsel was

---

[1] To verify this fact, the respondent has submitted the copy of an order entered by the Tennessee Supreme Court. *See* Docket Entry No. 16; Addendum No. 2; Doc. No. 5. The order, however, pertains to a Roderick Johnson rather than the petitioner.

1

appointed to represent the petitioner who later filed an amended post-conviction petition. Docket Entry No. 16; Addendum No. 3; Doc. No. 1 at pgs. 24-31. Following an evidentiary hearing, the trial court denied the petition. Docket Entry No. 16; Addendum No. 3; Doc. No. 1 at pgs. 71-87. On appeal, the Tennessee Court of Criminal Appeals affirmed the denial of post-conviction relief. Docket Entry No. 16; Addendum No. 4; Doc. No. 3. Once again, the Tennessee Supreme Court rejected the petitioner's application for discretionary review. Docket Entry No. 16; Addendum No. 4; Doc. No. 5.

During the pendency of his post-conviction appeal, the petitioner filed a *pro se* petition for state habeas corpus relief in the Circuit Court of Lauderdale County and a *pro se* petition for Writ of Error Coram Nobis in the Criminal Court of Davidson County. The state habeas corpus petition was summarily denied. Docket Entry No. 1 at pgs. 3-4. A hearing was held to address the petition for Writ of Error Coram Nobis but, at the time the instant action was filed, the petition remained pending. Docket Entry No. 1 at pg. 4.

On August 24, 2005, the petitioner filed the instant petition for writ of habeas corpus (Docket Entry No. 1). The petition sets forth eight claims for relief. More specifically, these claims include:

    (1)    the evidence was not sufficient to support a conviction;

    (2)    the prosecution withheld the taped statements of witnesses (Gribble, Harris and Massey) taken the day after the fatal shooting in violation of <u>Brady</u>;

    (3)    the petitioner was denied a fair trial by the introduction of the wrong autopsy report;

    (4)    counsel for the petitioner was ineffective when he
           a) failed to properly prepare for trial;

     b) failed to correctly advise the petitioner of the
      elements of a first degree murder;
     c) failed to interview certain witnesses prior to trial;
     d) failed to object to the introduction of the wrong
      autopsy report;
     e) failed to object to expert testimony and the jury
      instruction regarding expert testimony;
     f) failed to request a continuance to review the taped
      statements of witnesses he received on the first day
      of trial; and
     g) failed to successfully impeach a witness (Gribble)
      with a prior inconsistent statement;[2]

  (5)  the petitioner was denied a fair trial when a married couple
     was allowed to sit on the jury;

  (6)  the petitioner was denied a full, fair and meaningful post-conviction
     evidentiary hearing because he was not allowed to subpoena
     the married jurors;

  (7)  the petitioner was denied a full, fair and meaningful post-conviction
     evidentiary hearing because his appointed counsel was not
     allowed to withdraw; and

  (8)  the petitioner was denied a full, fair and meaningful post-conviction
     evidentiary hearing.

  Upon its receipt, the Court conducted a preliminary review of the petition and determined that the petitioner had stated a colorable claim for relief. Accordingly, an order (Docket Entry No. 3) was entered directing the respondent to file an answer, plead or otherwise respond to the petition. Rule 4, Rules - - - § 2254 Cases.

  Presently pending before the Court are the petition, respondent's Answer (Docket Entry No. 12) to the petition and the petitioner's Reply (Docket Entry No. 26) to the Answer. Having

---

[2] At trial, the petitioner was represented by Sam E. Wallace, Jr., a member of the Davidson County Bar.

carefully considered these pleadings and the expanded record, it appears that an evidentiary hearing is not needed in this matter. *See* Smith v. United States of America, 348 F.3d 545, 550 (6th Cir. 2003)(an evidentiary hearing is not required when the record conclusively shows that the petitioner is entitled to no relief). Therefore, the Court shall dispose of the petition as the law and justice require. Rule 8(a), Rules - - - § 2254 Cases.

The petitioner has alleged three instances in which his rights were violated during state post-conviction proceedings (Claim Nos. 6, 7 and 8). In order to sustain a claim for federal habeas corpus relief, the petitioner must set forth factual allegations suggesting that his conviction is in some way constitutionally defective. 28 U.S.C. § 2254(a); Koontz v. Glossa, 731 F.2d 365, 368 (6th Cir. 1984). A state is not constitutionally required to provide a convicted felon with the means by which he can collaterally attack his conviction. Pennsylvania v. Finley, 481 U.S. 551, 107 S.Ct. 1990, 1994, 95 L.Ed.2d 539 (1987). Thus, a federal writ of habeas corpus will not issue when a petitioner is merely challenging errors or deficiencies arising from a state post-conviction proceeding. Kirby v. Dutton, 794 F.2d 245 (6th Cir. 1986). Therefore, petitioner's claims relating to his post-conviction proceeding will not support an award of habeas corpus relief.

A federal district court will not entertain a petition for writ of habeas corpus unless the petitioner has first exhausted all available state court remedies for each claim in his petition. Cohen v. Tate, 779 F.2d 1181, 1184 (6th Cir.1985).While exhaustion is not a jurisdictional requirement, it is a strictly enforced doctrine which promotes comity between the states and federal government by giving the state an initial opportunity to pass upon and correct alleged violations of its prisoners' federal rights. Granberry v. Greer, 481 U.S. 129, 107 S.Ct. 1671,

4

1674-1675, 95 L.Ed.2d 119 (1987). Thus, as a condition precedent to seeking federal habeas corpus relief, the petitioner is required to fairly present his claims to the state courts. Rose v. Lundy, 455 U.S. 509, 102 S.Ct. 1198, 1205, 71 L.Ed.2d 379 (1982). Once his federal claims have been raised in the highest state court available, the exhaustion requirement is satisfied, even if that court refused to consider the claims. Manning v. Alexander, 912 F.2d 878, 883 (6th Cir. 1990).[3]

The petitioner further alleges that he was denied a fair trial because the wrong autopsy report was entered into evidence (Claim No. 3) and a married couple should not have been impaneled on his jury (Claim No. 5). A review of the record shows that the autopsy issue was never offered to the state courts as an independent claim during either direct appeal (Docket Entry No. 16; Addendum No. 2; Doc. No. 1) or on post-conviction (Docket Entry No. 16; Addendum No. 4; Doc. No. 1).[4] During post-conviction, the petitioner's improper jurors claim was deemed waived because it had not been raised on direct appeal (Docket Entry No. 16; Addendum No. 4; Doc. No. 3 at pg. 57).

Unfortunately, at this late date, state court remedies for these claims are no longer available. *See* Tenn. Code Ann. § 40-30-202(a). Thus, by way of procedural default, the

---

[3] In Tennessee, a petitioner need only take his claims to the Tennessee Court of Criminal Appeals in order to fully exhaust his available state court remedies. Rule 39, Tenn. Sup. Ct. Rules; Adams v. Holland, 324 F.3d 838 (6th Cir. 2003).

[4] The petitioner claims that the autopsy issue was exhausted because he raised it in a *pro se* supplemental brief on post-conviction appeal. Docket Entry No. 28; Doc. No. 3 at pgs. 31-76. However, the state appellate court would not allow the petitioner to supplement his appellate brief with additional claims because "it has long been the rule that an appellant may not be represented by counsel in this Court and simultaneously proceed *pro se*. [citation omitted]." Docket Entry No. 28; Doc. No. 5 at pg. 89.

5

Case 3:05-cv-00662   Document 30   Filed 03/13/06   Page 5 of 11 PageID #: 502

petitioner has technically met the exhaustion requirement with respect to these claims. Alley v. Bell, 307 F.3d 380, 385 (6th Cir. 2002)(if an unexhausted claim would be procedurally barred under state law, that claim is procedurally defaulted for purposes of federal habeas corpus review).

Nevertheless, to prevent a federal habeas corpus petitioner from circumventing the exhaustion requirement in such a manner, the Supreme Court has held that a petitioner who fails to comply with state rules of procedure governing the timely presentation of federal constitutional issues forfeits the right to federal review of those issues, absent cause for the noncompliance and some showing of actual prejudice resulting from the alleged constitutional violations. Wainwright v. Sykes, 443 U.S. 72, 84, 97 S.Ct. 2497, 2505, 53 L.Ed.2d 594 (1977); Engle v. Isaac, 456 U.S. 107, 129, 102 S.Ct. 1558, 1573, 71 L.Ed.2d 783 (1982).

The petitioner asserts that his failure to raise the autopsy and improper jurors claims on direct appeal is attributable to the ineffective assistance of counsel. *See* Docket Entry No. 26 at pgs. 31 and 41, respectively. Counsel's ineffectiveness can constitute cause for a procedural default. Edwards v. Carpenter, 529 U.S. 446, 120 S.Ct. 1587, 1591, 146 L.Ed.2d 518 (2000). However, to constitute cause, counsel's alleged ineffectiveness must be litigated as an independent claim, itself subject to the requirement of exhaustion. Burroughs v. Makowski, 411 F.3d 665, 668 (6th Cir. 2004). The petitioner has never contended that counsel was ineffective for failing to litigate these claims on direct appeal.[5] Therefore, the petitioner has failed to establish

---

[5] The petitioner does allege that post-conviction counsel was ineffective for not raising these claims. Docket Entry No. 26 at pg. 7. The petitioner, however, does not have the right to the effective assistance of counsel on post-conviction. Coleman v. Thompson, 501 U.S. 722, 111 S.Ct. 2546, 2566, 115 L.Ed.2d 640 (1991).

cause that would excuse the procedural default of these claims. Nor has the petitioner in any way shown prejudice arising from these claims. According, his procedural default of these claims is unexcused and will not support an award of habeas corpus relief.

Of course, even in the absence of cause and prejudice, a procedural default may be excused when review of a petitioner's claims is necessary to correct a fundamental miscarriage of justice. Coleman v. Thompson, 501 U.S. 722, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991); Murray v. Carrier, 477 U.S. 478, 106 S.Ct. 2639, 2649-50, 91 L.Ed.2d 397 (1986). A fundamental miscarriage of justice occurs when a constitutional violation has probably led to the conviction of one who is actually innocent. Murray, supra. Here, the petitioner claims that he is actually innocent of the charge against him. Docket Entry No. 1 at pg. 5. His claim of innocence, however, is nothing more than an assertion that the evidence was insufficient to support the conviction. He has offered nothing substantial to suggest that he was actually innocent of the charge. Consequently, the Court finds that the petitioner has forfeited his right to federal review of those claims that were never presented to the state courts.

The petitioner's remaining claims, i.e., sufficiency of the evidence (Claim No. 1), the withholding of exculpatory statements (Claim No. 2) and the ineffective assistance of counsel (Claim No. 4) were fully litigated in the state courts and were found to be lacking in merit. When a claim has been adjudicated on the merits in the state courts, the state court adjudication will not be disturbed unless it resulted in a decision contrary to clearly established federal law or involved an unreasonable application of federal law in light of the evidence. 28 U.S.C. § 2254(d); Nevers v. Killinger, 169 F.3d 352, 357 (6th Cir.1999). In order for a state adjudication to run "contrary to" clearly established federal law, the state court must arrive at a conclusion

opposite to that reached by the United States Supreme Court on a question of law or decide a case differently than the United States Supreme Court on a set of materially indistinguishable facts. To grant the writ for an "unreasonable application" of federal law, the petitioner must show that the state court identified the correct governing legal principle involved but unreasonably applied that principle to the facts of the case. Williams v. Taylor, 529 U.S. 362, 120 S.Ct. 1495, 1523, 146 L.Ed.2d 389 (2000). In short, state court judgments must be upheld unless, after an examination of the state court judgment, the Court is firmly convinced that a federal constitutional right has been violated. Id., at 120 S.Ct. 1511.

The right to due process guaranteed by the Constitution insures that no person will be made to suffer the onus of a criminal conviction except upon sufficient proof. Sufficient proof has been defined as the 'evidence necessary to convince a trier of fact beyond a reasonable doubt of the existence of every element of the offense." Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 2787, 61 L.Ed.2d 560 (1979). When weighing the sufficiency of the evidence to support a criminal conviction, the Court must view the evidence in a light most favorable to the prosecution. Id, 99 S.Ct. at 2789.

At trial, the evidence against the petitioner included testimony that he went to a party asking for someone named "Shane". The victim identified himself to the petitioner as Shane. The petitioner then retreated to the back seat of his car where he had a gun. The petitioner fired six shots at the victim who was unarmed. The petitioner made no effort to offer the victim medical assistance or to report the shooting to the police. Docket Entry No. 16; Addendum No. 2; Doc. No. 3 at pg. 117.

There was no question that the petitioner fired the fatal shot. The defense rested solely

8

upon the petitioner's ability to convince the jury that the shooting was justified as a matter of self defense. Credibility issues and the weight and value to be given evidence are questions of fact to be determined by the jury. In this case, a rational juror could have found that the petitioner was guilty of first degree murder. Therefore, the findings of the state courts on this issue are neither contrary to nor an unreasonable application of federal law.

The petitioner claims that his rights were violated when the taped statements of certain witnesses (Gribble, Harris and Massey) were withheld by the prosecution (Claim No. 2). It is a well established tenet of constitutional law that a criminal defendant's right to due process imposes upon the prosecution an obligation to turn over evidence in its possession that is both favorable to the accused and material to the issue of guilt or punishment. Brady v.Maryland, 373 U.S. 83, 83 S.Ct. 1194, 1196-97, 10 L.Ed.2d 215 (1963). If the prosecution fails to disclose exculpatory material, the petitioner has a constitutional remedy for nondisclosure only if he can show that there is a reasonable probability that the nondisclosure of this material deprived him of a fair trial. United States v. Agurs, 427 U.S. 97, 96 S.Ct. 2392, 2400, 49 L.Ed.2d 342 (1976); United States v. Presser, 844 F.2d 1275, 1282 (6th Cir. 1988).

In response to this claim, the Tennessee Court of Criminal Appeals found that

> In the present case, the appellant received the taped interviews on the first day of trial as Jencks material. Upon receiving the tapes, the appellant failed to move for a continuance to review the material. The witnesses had been available for the appellant to interview prior to trial. Moreover, when Massey took the stand, the appellant had an opportunity to cross-examine him regarding his earlier statements. Harris was in custody and was available for the appellant to call at trial in order to examine her about the taped statements. Furthermore, the trial court permitted the appellant to recall Melia Gribble, who had earlier testified, to allow the appellant

9

> to attempt to bring out information contained on the tape.
> The appellant also had the opportunity to introduce Gribble's
> statement as evidence. However, the appellant failed to lay
> a proper foundation for the introduction of the statement,
> even though he was instructed on how to do so by the trial
> court. Regardless, there was no exculpatory material contained
> in the tapes. Based upon the foregoing, we conclude that
> the appellant was not prejudiced by the delayed disclosure
> of this information.

Docket Entry No. 16; Addendum No. 2; Doc. No. 3 at pgs. 118-119.

The findings of fact and conclusions of law made by the state courts with respect to this claim do not appear to run contrary to federal law in any way. The state courts applied the appropriate federal precedent to this claim in a manner that was not unreasonable. Consequently, this claim has no merit.

Finally, the petitioner alleges seven instances in which his attorney was ineffective (Claim Nos. 4a-g). The Sixth Amendment provides that a criminal defendant is entitled to the effective assistance of counsel. To establish a violation of this right, the petitioner bears the burden of pleading and proving that his attorney's performance was in some way deficient and that the defense was prejudiced as a result of the deficiency. Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). To demonstrate a deficiency in representation, the petitioner must show that his attorney failed to act within "an objective standard of reasonableness". Id, at 104 S.Ct. 2052. Prejudice is established by showing that counsel's error was so egregious as to render the result of the trial unreliable or the proceeding fundamentally unfair. Lockhart v. Fretwell, 506 U.S. 364, 113 S.Ct. 838, 842, 122 L.Ed.2d 180 (1993).

In addressing each of the petitioner's specific ineffective assistance claims, the state courts applied the holding of Strickland, supra, and found that counsel had, under the

10

circumstances, acted reasonably and in a manner that did not prejudice the defense. Docket Entry No. 16; Addendum No. 4; Doc. No. 3 at pgs. 59-64. The record supports these findings. The petitioner has offered no clear and convincing evidence to rebut the presumption of correctness that must be accorded the factual findings made by the state courts. 28 U.S.C. § 2254(e)(1). Nor has the petitioner demonstrated in what way the legal analysis of the state courts runs contrary to federal law. Accordingly, having carefully reviewed the record, it appears that the state court adjudication of petitioner's remaining claims was neither contrary to nor an unreasonable application of federal law. Consequently, petitioner's remaining claims have no merit.

    An appropriate order will be entered.

_____
Aleta A. Trauger
United States District Judge